Filed 4/2/25  P. v. Peete CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

RAGUE RAMAPO PEETE,

    Defendant and Appellant.

E083682

(Super.Ct.No. FSB051143)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Alexander R. Martinez, Judge.  Dismissed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Rague Ramapo Peete filed a request for resentencing pursuant to Penal Code § 1172.1,[1] which the court denied. We dismiss the appeal.

## I. FACTUAL AND PROCEDURAL HISTORY

On April 20, 2006, a jury convicted defendant of carjacking. (§ 215, subd. (a), count 1.) The court thereafter found true an allegation that defendant committed the carjacking for the benefit of a criminal street gang. (§ 186.22, subd (b)(1).) The court sentenced defendant to an indeterminate term of 15 years to life in state prison. (*People v. Peete et al.* (Jul. 15, 2010, E044984) [nonpub. opn.] (*Peete*).)

Defendant appealed. This court affirmed the judgment. (*Peete*, *supra*, E044984.)

On February 28, 2024, defendant filed a form request for recall and resentencing pursuant to Assembly Bill No. 600 and section 1172.1. Defendant checked boxes on the form indicating that he was eligible for resentencing because amended versions of sections 186.22, 1109, 1170, 1170.1, and 1385 applied at the time he was sentenced. Defendant provided examples of rehabilitative efforts he had made during his imprisonment.

The court denied defendant's request by memorandum of decision. The court noted that none of the statutory changes made to the Penal Code sections reflected in defendant's request, which were all made between 2019 and 2022, applied to defendant's sentence; the court indicated this was because defendant had been sentenced in 2008, and the judgment had been affirmed in 2010: "None of the subsequent changes in the law to

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Penal Code Sections 1385, 1170, or []186.22 affect retroactively the Defendant's sentence from 2008. The arguably most relevant change in the law to . . . Section 186.22 was prospective in nature and only became operative on January 1, 2023. It is important to note that [Assembly Bill No.] 333, which modified [section] 186.22, is *not* retroactive to cases wherein the judgment or sentence is final because the time to appeal has expired."

## II. DISCUSSION

Defendant contends the court incorrectly believed it "had no jurisdiction to recall [defendant's] sentence and resentence [defendant] on its own motion." The People counter that the trial court declined to exercise any such jurisdiction by denying defendant's request. The People maintain that we should dismiss the appeal. We agree with the People.

"[T]he court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law, at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of a defendant incarcerated in state prison, the county correctional administrator in the case of a defendant incarcerated in county jail, the district attorney of the county in which the defendant was sentenced, or the Attorney General if the Department of Justice originally prosecuted the case, recall the sentence and commitment previously ordered and resentence the defendant . . . ." (§ 1172.1, subd. (a).)

Pertinent authorities "make[] such recommendations 'not only to bring to the trial court's attention sentences in need of correction (e.g., unauthorized sentences) but also to invite the court to recall sentences based upon equitable considerations (e.g., extending the benefit of an ameliorative change in the law to a defendant whose judgment is final).' [Citation.]" (*People v. Codinha* (2023) 92 Cal.App.5th 976, 986-987.)

"A defendant is not entitled to file a petition seeking relief from the court under this section.  If a defendant requests consideration for relief under this section, the court is not required to respond."  (§ 1172.1, subd. (c).)

A "'recommendation furnishes the court with jurisdiction it would not otherwise have to recall and resentence and is "an invitation to the court to exercise its equitable jurisdiction."'  [Citation.]  Although section 1172.1 does not prescribe any particular form for a recommendation for recall and resentencing, [pertinent authorities] typically make[] such a recommendation expressly in a letter . . . .  [Citations.]" (*People v. Codinha*, *supra*, 92 Cal.App.5th at p. 987; accord, *People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040; *People v. Dain* (2024) 99 Cal.App.5th 399, 411, review granted May 29, 2024, S283924 ["Section 1172.1 provides a recall and resentencing procedure that may be invoked when, for example, the Secretary of the Department of Corrections and Rehabilitation [(the Department)] recommends resentencing."]; *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082-1084 (*E.M.*) ["'"[T]he Secretary's recommendation letter is but an invitation to the court to exercise its equitable jurisdiction," which

4

"furnishes the court with the jurisdiction it would not otherwise possess to recall and resentence."  [Citation.]'  [Citation.]".)

Where the court is outside its own statutory timeframe for recalling the defendant's sentence, the court does not exercise its equitable jurisdiction to recall the sentence on its own motion, and neither the Department nor the pertinent prosecuting agencies furnish a recommendation for recalling the sentence, courts have no jurisdiction to rule on the merits of any requested section 1172.1 relief.  (See *Codinha*, *supra*, 92 Cal.App.5th at p. 988; see also *People v. Burgess* (2022) 86 Cal.App.5th 375, 382 [A trial court lacks jurisdiction pursuant to section 1172.75 to adjudicate a defendant's own motion for resentencing, and appellate courts lack jurisdiction over appeals from the denial of such a motion; therefore, an appeal from such an order must be dismissed.].)

Here, nearly 15 years have passed since defendant's judgment was final.  Thus, the court did not have jurisdiction pursuant to the statutory timeline to recall defendant's sentence.  Moreover, none of the pertinent authorities reflected in the statute provided a recommendation to the court to recall and resentence defendant.  Finally, to the extent the statute provides the court equitable jurisdiction to recall and resentence defendant *on its own motion at any time*, the court did not here do so.  (§ 1172.1, subd. (a).)  The court's denial was in response to *defendant's request*; it was not done *on the court's own motion*.  Thus, the court declined to exercise any discretion the court had to recall the sentence.  Therefore, neither the court below nor this court have jurisdiction over the matter.

In *E.M.*, the appellate court held that the trial court erred in denying recall of defendant's sentence*, after the Department recommended resentencing defendant*, "on the sole ground that Senate Bill [No.] 1393 did not apply retroactively to E.M.'s case because it was final on appeal." (*E.M.*, *supra*, 85 Cal.App.5th at p. 1088.) The court held that "trial courts have the authority to recall and resentence defendants based on postjudgment changes in the law giving courts discretion to strike or dismiss enhancements, even when the judgment in the case is long since final . . . ." (*Id*. at p. 1090.)

Here, the Department did not recommend resentencing defendant. Even if the court erred to the extent that it concluded that defendant could never receive the benefit of ameliorative relief from the statutes cited by defendant in his request,[2] the court was not acting *upon its own motion*. Rather, the court was responding to *defendant's own request*, which the statute expressly bars. (§ 1172.1, subd. (c).) Thus, jurisdiction pursuant to section 1172.1 was never properly invoked. Neither the court below nor this court has jurisdiction to act upon defendant's request for recall and resentencing.

---

[2] "Assembly Bill [No.] 333's amendments to section 186.22 apply retroactively [only] to cases . . . , in which the judgments of conviction have not become final prior to the effective date of Assembly Bill [No.] 333. [Citations.]" (*People v. Lee* (2022) 81 Cal.App.5th 232, 237.) "'The key date is the date of final judgment. If the amendatory statute lessening punishment becomes effective prior to the date the judgment of conviction becomes final then . . . . it, and not the old statute in effect when the prohibited act was committed, applies.' [Citation.]" (*People v. McKenzie* (2020) 9 Cal.5th 40, 44.) "Under well-established case law, a court may exercise its dismissal power under section 1385 at any time before judgment is pronounced—but not after judgment is final." (*People v. Chavez* (2018) 4 Cal.5th 771, 777.)

## III. DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

J.

We concur:

RAMIREZ

P. J.

MILLER

J.